UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER GENE RUTH,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00040-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.    BACKGROUND**

      Eber Ruth ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action. Plaintiff filed the complaint commencing this action on January 4, 2021. (ECF No. 1). Plaintiff did not pay the filing fee or file an application to proceed *in forma pauperis*. This case was transferred to the United States District Court for the Eastern District of California on January 11, 2021. (ECF No. 4).

      As the Court finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

**II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

      28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has,

on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

**III.   ANALYSIS**

   a. Strikes

Plaintiff initiated this action on January 4, 2021. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had at least three cases dismissed that count as "strikes."

The Court takes judicial notice of Gean v. Estate of William Hyde Wollaston, E.D. CA, Case No. 1:12-cv-01190, ECF No. 2,[1] in which Magistrate Judge Sandra M. Snyder found that Plaintiff had at least three "strikes" prior to filing the action. The action was filed on July 19, 2012. Id. at ECF No. 1.

The Court also takes judicial notice of: 1) Gean v. Estate of William Hyde Wollaston, 9th Cir., Case No. 13-17144, ECF Nos. 8 & 10 (Plaintiff's application to proceed in forma pauperis was denied because the appeal was frivolous, and the case was later dismissed for failure to prosecute because Plaintiff failed to pay the filing fee);[2] 2) Ruth v. Dubsky, E.D. CA, Case No. 1:00-cv-06011, ECF Nos. 13 & 19 (dismissed for failure to state a claim); 3) Ruth v.

---

[1] It is not clear why, but in this action Plaintiff referred to himself as "Ruth Eber Gean/Gene." Estate of William Hyde Wollaston, E.D. CA, Case No. 1:12-cv-01190, ECF No. 1, p. 1

[2] If an application to proceed in forma pauperis is denied as frivolous by an appellate court, the case counts as a "strike" even if the appeal is not dismissed until later when the plaintiff fails to pay the filing fee. Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).

Terhune, E.D. CA, Case No. 1:00-cv-07065, ECF Nos. 36 & 37 (dismissed for failure to state a claim); and 4) Ruth v. United States Judicial System, 9th Cir., Case No. 20-15230, ECF No. 10 (appeal dismissed as frivolous).

Based on Estate of William Hyde Wollaston, E.D. CA, Case No. 1:12-cv-01190, as well as the actions and appeals listed above, the Court finds that Plaintiff had at least three "strikes" prior to filing this action.

      b. Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury. The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)…."). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both

requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

Plaintiff's complaint is disorganized, at times difficult to understand, and appears to include unrelated claims and defendants. And, none of the allegations in Plaintiff's complaint suggest that he was in imminent danger of serious physical injury at the time he filed his complaint.

As to some of Plaintiff's allegations, they are clearly insufficient to show imminent danger. For instance, Plaintiff appears to allege that he received a write-up for refusing to move that he should not have received. Plaintiff also alleges that his personal property and his original ideals (patents, copyrights, and trademarks) have been stolen. None of these allegations suggest that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint.

Plaintiff also alleges that unnamed defendants conspired to have Plaintiff murdered by exposing him to COVID-19 because of a civil rights action he filed. However, this is conclusory, and there are no allegations in Plaintiff's complaint that suggest that any defendant intentionally exposed Plaintiff to COVID-19. Additionally, the allegation regarding exposure to COVID-19 does not appear to show that Plaintiff was in imminent danger at the time he filed his complaint because it appears that he was infected with COVID-19 prior to filing the complaint. (ECF No. 1, p.gs 3 & 9). And, Plaintiff does not allege that he was deprived of needed medical care associated with this diagnosis.

Finally, Plaintiff alleges that "staff defendants just keep unlawfully attacking Plaintiff for (no) reason…." (Id. at 4). However, there are no facts alleged in the complaint to support this assertion. Plaintiff does not allege who attacked him, when he was attacked, or the extent of his injuries following each attack. Thus, this conclusory assertion is insufficient to invoke the imminent danger exception.

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed this action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

**IV.  CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed *in forma pauperis* in this action; and
2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:  **January 14, 2021**                              /s/ Erica P. Grosjean
                                                                              UNITED STATES MAGISTRATE JUDGE